IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWINA C. ROGERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No. 1:15-cv-00767-CRC |
| | : | |
| SECULAR COALITION | : | |
| FOR AMERICA *et al.*, | : | |
| | : | |
| Defendants. | : | |

### SECULAR COALITION FOR AMERICA EDUCATION FUND, INC'S
### MOTION TO DISMISS

Defendant Secular Coalition for America Education Fund, Inc. ("SCAEF"), through counsel, Carr Maloney P.C., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this Motion respectfully requesting that the Court dismiss Plaintiff Edwina Rogers' First Amended Complaint against it in its entirety for failure to state a claim for which relief can be granted.  In further support of this Motion, SCAEF respectfully refers to the attached Memorandum of Points and Authorities.

                                                          SECULAR COALITION OF AMERICA
                                                          EDUCATION FUND, INC.
                                                          By counsel

By: _____
                                                          Nat P. Calamis, #495680
                                                          Carr Maloney P.C.
                                                          2000 L Street, NW
                                                          Suite 450
                                                          Washington, D.C.  20036
                                                          (202) 310-5500 telephone
                                                          (202) 310-5555 fax
                                                          npc@carrmaloney.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true copy of the foregoing *Motion to Dismiss* was electronically filed and served, on this 21st day of August, 2015 to:

>Steven Gremminger, Esquire
>Steven M. Oster, Esquire
>Gremminger Law Firm
>5335 Wisconsin Avenue, NW, Suite 440
>Washington, D.C. 20015
>*Counsel for Plaintiff*
>
>Robert W. Johnson II, Esquire
>Johnson, Rogers & Clifton LLP
>401 Ninth St. NW, Suite 640
>Washington, DC 20004
>*Counsel for Plaintiff*
>
>Leslie Paul Machado, Esquire
>LeClairRyan, a Professional Corporation
>2318 Mill Road, Suite 600
>Alexandria, Virginia 22310
>*Counsel for Roy Speckhardt*
>
>Gregory Langer
>3280 Kelton Avenue
>Los Angeles, CA 90034
>
>C. Richard Dawkins
>14 Bradmore Road
>Oxford OX2 6QP UK

*Nat Calamis*
_____
Nat P. Calamis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWINA C. ROGERS,                         :
                                          :
        Plaintiff,                        :
                                          :
    vs.                                   :   Case No. 1:15-cv-00767-CRC
                                          :
SECULAR COALITION                         :
FOR AMERICA *et al.*,                     :
                                          :
        Defendants.                       :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECULAR COALITION FOR AMERICA EDUCATION FUND, INC'S MOTION TO DISMISS**

Preliminary Statement

In her 34 page, 184 paragraph long First Amended Complaint, Plaintiff Edwina Rogers pleads no factual allegation of a specific act or omission by the Secular Coalition for America Education Fund, Inc. ("SCAEF") that would support a viable cause of action. Ms. Rogers' Complaint concedes that the Secular Coalition for America, Inc. ("SCA") and SCAEF are separate and distinct entities. *See* First Amended Complaint, ¶13 and 14. Ms. Rogers acknowledges that she was employed by SCA- not SCAEF. *Id.* at ¶¶ 18, 19-22. Plaintiff Rogers pleads no specific facts about SCAEF other than: (a) its principal place of business to support jurisdiction (First Amended Complaint, ¶5); (b) the identification of SCAEF as a party (First Amended Complaint, ¶13); and (c) the identification of defendant Roy Speckhardt as SCAEF's Treasurer (First Amended Complaint, ¶¶35, 36, 64, and 66).

Plaintiff Rogers pleads no facts in support of the speculative conclusion that SCAEF wrongfully terminated her employment- though it was not her employer (First Amended Complaint, ¶111). Ms. Rogers likewise pleads no facts in support of her speculative conclusion that SCAEF is liable for the acts of its employees and agents, including Amanda Metskas, Richard Dawkins, and Roy Speckhardt (First Amended Complaint, ¶¶132 and 133)- though she elsewhere pleads that

3

Metskas and Dawkins are not SCAEF employees, and she pleads no facts showing agency or authority.

As set forth more fully below, Ms. Rogers' allegations are entirely insufficient to support any causes of action against SCAEF. As a result, Ms. Rogers' claims for defamation and intentional interference with contract against SCAEF should be dismissed with prejudice.

## Factual Background

SCAEF is a 501(c)(3) non-profit corporation organized under the laws of the State of Nevada. *See* First Amended Complaint, ¶13. SCAEF is a separate and distinct entity from the Secular Coalition for America, Inc. ("SCA"). *Id.* at ¶¶13 and 14. Defendant Roy Speckhardt served as SCAEF's Board Treasurer. *Id.* at ¶ 16. The Plaintiff Edwina Rogers was formerly employed as the Executive Director of SCA. *Id.* at ¶18. Ms. Rogers does not allege that she was ever employed by SCAEF, or that she ever entered into any type of contractual agreement with SCAEF. *See generally* First Amended Complaint.

## Legal Standard

A motion to dismiss under Fed. R. Civ. Pro. R. 12(b)(6) tests whether the facts as stated in the complaint support a claim for relief. For a complaint to survive a Rule 12(b)(6) motion, it must present enough factual content to render the claim "'plausible on its face'" by enabling "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint need not make "detailed" factual allegations, it is not sufficient to give "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 555). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004).

<u>ARGUMENT</u>

    I.    **MS. ROGERS' DEFAMATION CLAIM AGAINST SCAEF FAILS AS A MATTER OF LAW**

In Count II of her First Amended Complaint, Ms. Rogers asserts a claim for defamation against all defendants, including SCAEF. However, Ms. Rogers fails to plead a single statement by SCAEF that was defamatory. *See, e.g.* First Amended Complaint, ¶¶143-156. For this reason alone, Ms. Rogers' defamation claim against SCAEF should be summarily dismissed.

Ms. Rogers has named former SCAEF Board Treasurer Roy Speckhardt as a defendant, and has asserted that Mr. Speckhardt made defamatory statements about her.[1] However, she does not plead any facts to support an assertion that SCAEF is somehow liable for conduct by Mr. Speckhardt, or any other SCAEF representative.[2] Indeed, she only speculates that Mr. Speckhardt might have made a defamatory statement about her to an unspecified *New York Times* reporter- though she concedes that the allegedly defamatory statement was never printed in the *New York Times* article at issue. *See, e.g.* First Amended Complaint, ¶¶46, 47, and 52.

Even if Ms. Rogers could show SCAEF made a defamatory statement, her claim for defamation still fails as matter of law. As set forth in the Motions to Dismiss previously filed by SCA and Amanda Mestkas (DE#7) and Roy Speckhardt (DE#8), adopted and incorporated by reference herein, Ms. Rogers' claim for defamation should be dismissed for a number of reasons.

Ms. Rogers' claims for defamation in her First Amended Complaint are not pled with particularity in that they do not identify the time, place, content, speaker, and listener of the alleged defamatory material. *See, e.g.* DE#7, pp. 12, referring to ¶¶46, 83, 87, 90-92, and 94 of First

---

[1] Ms. Rogers' defamation claim also alleges defamatory statements were made by Amanda Metskas and Greg Langer; however there is no allegation in the First Amended Complaint that Ms. Metskas and Mr. Langer were representatives of SCAEF. *See generally* First Amended Complaint. The First Amended Complaint alleges that Amanda Metskas was SCA's Board President. *Id.* at ¶15. The First Amended Complaint alleges that Mr. Langer was the Chairman of the Harvard Humanist Community, an SCA member organization. *Id.* at ¶14.

[2] Ms. Rogers' First Amended Complaint contains the following assertion: "SCA and SCAEF are liable for the acts and omissions of Metskas, Langer, Speckhardt, and Dawkins." *Id.* at ¶132. This bald assertion, without any factual support, is insufficient to defeat a Motion to Dismiss. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004)(Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss).

Amended Complaint. Many of the statements that Ms. Rogers alleges were made about her are not defamatory as a matter of law because they do not make Ms. Rogers appear odious, infamous, or ridiculous. *Id*. at p. 13, referring to ¶¶54, 83, and 87 of First Amended Complaint.

Ms. Rogers' defamation claim against Mr. Speckhardt is premised on an e-mail exchange in which Mr. Speckhardt expressed an opinion that Ms. Rogers' conduct constituted insubordination. *See, e.g.* First Amended Complaint, ¶39. This opinion is not provably false, and therefore cannot support a viable defamation claim against either Mr. Speckhardt or SCAEF under District of Columbia law. *See, e.g. Weyrich v. New Republic, Inc.*, 235 F. 3d 617, 624 (D.C. 2001). In addition, even if Mr. Speckhardt's opinion about Ms. Rogers' conduct could support a viable defamation claim (which it cannot), this opinion is protected by the common interest privilege as it was only published to members of SCA's Executive Committee. *See, e.g.* DE#8, pp. 4-11.

Ms. Rogers' defamation claim against Ms. Metskas is premised on an allegation that Ms. Metskas and/or another SCA representative implied to a reporter from the New York Times that the termination of Ms. Rogers' employment was the result of her involvement in the embezzlement of SCA funds. *See* First Amended Complaint, ¶¶46, 82. As set forth in the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by SCA and Ms. Mestskas, Ms. Rogers' cannot establish that Ms. Metskas (or any other SCAEF representative) made any false or disparaging comments about her to a *New York Times* reporter. *See, e.g.* DE#7, pp. 13-14. In fact, Ms. Metskas is specifically quoted in the article at issue stating that Ms. Rogers was not involved in this embezzlement. *Id.* The only person implying that Ms. Rogers' employment at SCA was terminated due to embezzlement is Ms. Rogers herself.

For all of these reasons, Ms. Rogers' defamation claim against SCAEF fails as a matter of law, and should be dismissed with prejudice.

II. **MS. ROGERS' INTENTIONAL INTERFERENCE WITH CONTRACT CLAIM AGAINST SCAEF FAILS AS A MATTER OF LAW**

In Count III of her First Amended Complaint, Ms. Rogers asserts a cause of action for

intentional interference with contract against all defendants, including SCAEF.  Again, Ms. Rogers does not make a single factual allegation in her Complaint that SCAEF interfered with any of her contractual relations.  *See* First Amended Complaint, ¶¶157-167.  For this reason alone, Ms. Rogers' claim for intentional interference with contract should be summarily dismissed as to SCAEF.

Ms. Rogers likewise does not plead any facts to support an assertion that SCAEF is somehow liable for conduct by Mr. Speckhardt, or any other SCAEF representative.  Ms. Rogers' intentional interference with contract Count is premised on two separate theories.  First, Ms. Rogers claims that Amanda Metskas, Greg Langer, and Roy Speckhardt unlawfully coerced SCA to breach its employment contract with her.  *See* First Amended Complaint, ¶160.  Second, Ms. Rogers claims that SCA and Defendant Richard Dawkins unlawfully coerced Fellows from her current employer, SPI, to resign from that organization and withdraw their financial support.  *Id.* at ¶164.  Neither of these intentional interference theories is legally viable, particularly as they relate to SCAEF.

Ms. Rogers cannot establish that Roy Speckhardt (or any other SCAEF representative) interfered with an employment contract she had with SCA.  As set forth in the Motion to Dismiss filed by SCA and Amanda Metskas (DE#7) and the Motion to Dismiss filed by Roy Speckhardt (DE#8), adopted and incorporated by reference herein, Ms. Rogers never had a written employment agreement with SCA, and was always an at-will employee for that organization.  *See, e.g.* DE#7, pp. 7-9; DE#8, pp. 12-16.  Under clearly established District of Columbia law, an at-will employment relationship cannot form the basis of a tortious interference with contract claim.  *Id* citing *McManus v. MCI Communications Corp.*, 748 A. 2d 949, 957-58 (D.C. 2000).  Further any claim by Ms. Rogers that SCA offered her an oral employment agreement for a five-year term would be barred by the District of Columbia's statute of frauds.  *Id* citing *Gharib v. Wolf*, 518 F. Supp. 2d 50, 54 (D.D.C 2007).

Ms. Rogers also alleges a second intentional interference with contract theory, asserting that SCA and Defendant Richard Dawkins intentionally interfered with an agreement between Ms.

Rogers and her current employer SPI.  *See* First Amended Complaint, ¶ 164.  Ms. Rogers does not allege that SCAEF took any action to interfere with her employment agreement with SPI.  Likewise, Ms. Rogers does not allege that Roy Speckhardt or any other SCAEF representative took any action to interfere with her employment agreement with SPI.  This allegation must therefore be dismissed as to SCAEF.

Further, even if Ms. Rogers had alleged that an SCAEF representative took action to interfere with her employment agreement with SPI, her claim for tortious interference would still fail, since Ms. Rogers has failed to allege an actual breach of her employment agreement with SPI.  Ms. Rogers is still employed by SPI.  As a result, she cannot establish a valid tortious interference claim related to her employment contract with that organization.

## Conclusion

SCAEF should not be a defendant in this matter.  There are insufficient factual allegations in Ms. Rogers' First Amended Complaint to support causes of action for defamation or intentional interference with contract against SCAEF.  As a result, Ms. Rogers' First Amended Complaint against SCAEF should be dismissed, in its entirety, with prejudice.

SECULAR COALITION OF AMERICA
EDUCATION FUND, INC.
By counsel

By: *Nat Calamis*
_____
Nat P. Calamis, #495680
Carr Maloney P.C.
2000 L Street, NW
Suite 450
Washington, D.C.  20036
(202) 310-5500 telephone
(202) 310-5555 fax
npc@carrmaloney.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA C. ROGERS, | : |
| Plaintiff, | : |
| vs. | : Case No. 1:15-cv-00767-CRC |
| SECULAR COALITION FOR AMERICA *et al.*, | : |
| Defendants. | : |

**O R D E R**

UPON CONSIDERATION of Defendant, Secular Coalition for America Education Fund, Inc.'s Motion to Dismiss, any Opposition thereto, and the record, it is by this Honorable Court on this ___ day of _____, 2015

ORDERED, the Motion to Dismiss is hereby GRANTED; and it is further

ORDERED, that Ms. Rogers' First Amended Complaint is hereby DISMISSED WITH PREJUDICE as it relates to Secular Coalition for America Education Fund, Inc.

_____
Judge Christopher R. Cooper

Copies to:
Nat P. Calamis, Esquire
Steven Gremminger, Esquire
Steven M. Oster, Esquire
Robert W. Johnson II, Esquire
Leslie Machado. Esquire
Gregory Langer
C. Richard Dawkins