UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

EDWINA C. ROGERS,

        Plaintiff,

  v.

SECULAR COALITION FOR AMERICA,
INC., et al.

        Defendants.
_____/

Case No. 1:15-CV-00767-CRC

**PLAINTIFF'S OPPOSITION TO**
**SPECKHARDT'S MOTION TO DISMISS**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**EDWINA C. ROGERS,**

      **Plaintiff,**

v.          Case No. 1:15-CV-00767-CRC

**SECULAR COALITION FOR AMERICA, INC., et al.**

      **Defendants.**

_____/

## DECLARATION OF EDWINA C. ROGERS

Plaintiff Edwina C. Rogers states the following under oath:

1. I am over the age of 18, make this declaration on personal knowledge, and if called to testify to the facts herein would do so.

2. After I received the employment letter, but before starting my term as SCA Executive Director, SCA and I agreed that my employment would not be "at-will." SCA requested that I agree to serve a minimum of five years in return for SCA's promise to afford me the same protection against summary discharge afforded my predecessor.

3. The Letter Agreement signed by the parties is dated April 13, 2012. My employment did not begin immediately, however. Instead, we continued negotiating terms until my appointment as Executive Director was announced on April 30, 2012. During this period, I was given and used an SCA email account.

4. SCA and I agreed that I would serve for a "minimum of five years." Between April 13 and April 30, 2012, I met several times with Ron Solomon to further refine the terms of my employment. Solomon explained that SCA had two significant concerns during the roll out of the new Executive Director: First, SCA stakeholders and donors were concerned about

Executive Director turnover. SCA had recently fired my predecessor for mishandling of finances, mishandling of staff assignments, and substandard performance. Second, SCA had gone through a long and expensive search effort before deciding to engage me and did not want to be forced to repeat the process in the near term. Accordingly, SCA sought my agreement to an indefinite term of employment of at least five years.

5. Before agreeing to such a commitment, I requested protection caprice on the part of any disaffected stakeholder, board member, or constituent. Solomon described a many months long disciplinary process which the predecessor had been afforded before he was dismissed, including progressive discipline procedures with notice of and an opportunity to respond to and remediate any alleged substandard conduct. The predecessor was also given written performance improvement plans. Solomon also promised that I would receive annual written evaluations in order to avoid me being "blind-sided" by disciplinary matters.

6. I agreed to the term minimum SCA requested and SCA agreed to the review and disciplinary process I requested. Thereafter, SCA announced my appointment as Executive Director, effective April 30, 2012. These discussions and the announcement to the donors and stakeholders, which included the minimum five year term, were memorialized in emails between me and SCA and SCA and its stakeholders. These emails reside on SCA's server and cannot be accessed by me until discovery begins in this case.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct.

_____Edwina Rogers_____   _____September 7, 2015_____
Signature                    Date