IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA C. ROGERS, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Case No. 1:15-cv-00767-CRC |
| | : |
| SECULAR COALITION | : |
| FOR AMERICA *et al.*, | : |
| | : |
| Defendants. | : |

**SECULAR COALITION FOR AMERICA EDUCATION FUND, INC'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendant Secular Coalition for America Education Fund, Inc. ("SCAEF") filed a Motion to Dismiss all claims asserted against it by the Plaintiff. In its Motion to Dismiss, SCAEF incorporated by reference the substantive arguments raised by Co-Defendants Secular Coalition for America, Inc. ("SCA"), Amanda Metskas, and Roy Speckhardt in their respective Motions to Dismiss. In addition to the arguments set forth in those Motions, SCAEF demonstrated that the Amended Complaint, which includes minimal factual allegations against SCAEF, failed to state any claim against SCAEF under any theory.

Although SCAEF is not named as a Defendant in Counts I (Breach of Contract) or V (Wrongful Termination), elsewhere in the Amended Complaint Plaintiff alleges that SCAEF wrongfully terminated her from employment. (First Amended Complaint, ¶111). To the extent that Claimant is attempting to assert a claim of breach of contract or wrongful termination against SCAEF, SCAEF established in its Motion to Dismiss that any such claim necessarily fails as the Complaint does not allege that any contract existed between SCAEF and Plaintiff. Similarly lacking is any allegation that Claimant was employed by SCAEF. Absent such allegations, any claim of breach of contract or wrongful termination necessarily fails.

SCAEF also established in its Motion to Dismiss that any claim against SCAEF for defamation and/or intentional interference with contract necessarily fails. Not only are the

1

allegations of the Amended Complaint insufficient to state a claim under either theory as against any party, they are particularly lacking with respect to claims asserted against SCAEF. The Amended Complaint does not allege that any SCAEF employee, acting on behalf of SCAEF and within the scope of their employment with SCAEF, engaged in any of the alleged activities which purportedly give rise to these two causes of action. The Amended Complaint is void of any allegation that SCAEF engaged in or was responsible for any of the alleged wrongful acts under any theory. Accordingly, SCAEF demonstrated in its Motion to Dismiss that Plaintiff failed to state a claim against SCAEF for defamation or intentional interference with contract.

Plaintiff's Opposition fails to address in any substantive manner the arguments raised by SCAEF in its Motion to Dismiss. Instead, the Opposition is based entirely factual allegations that not only have no bearing on the issues raised, but that are also strikingly absent from the Amended Complaint. For example, in her Opposition Plaintiff asserts for the first time that she served as Executive Director of SCAEF. That allegation is not found anywhere in the Complaint, and her Opposition fails to shed light on how this "fact" impacts the arguments set forth in the Motion to Dismiss.

In her Opposition, Plaintiff alleges that there was a management agreement between SCA and SCAEF that gave SCAEF access to SCA's staff, and that SCAEF made quarterly payments to SCA "to account for rent, staff, expenses and projects." Again, these allegations are not contained in the Amended Complaint and there is no explanation as to what bearing these new "facts" have on this issues raised in the Motion to Dismiss. Plaintiff also alleges for the first time in her Opposition that Amanda Metskas was Vice President of SCAEF. Again, this allegation is not contained in the Amended Complaint. The Amended Complaint only identifies Ms. Metskas as a Board Member of SCA and does not attribute any of her actions to SCAEF.

In light of the fact that none of the factual allegations contained in Plaintiff's Opposition are contained anywhere in her Amended Complaint, Plaintiff's Opposition – which is based exclusively upon these newly asserted facts – should not be considered by this Court. Where, as here, a plaintiff

raises factual allegations not contained within the pleadings for the first time on opposition, such allegations cannot properly be considered by the Court. *Bello v. Howard Univ.*, 898 F. Supp. 2d 213, 222 (D.D.C. 2012); *See also EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C.Cir.1997)(holding it is well settled that when ruling on a 12(b)(6) motion to dismiss, the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record.").

Moreover, even assuming it were proper to consider these newly raised factual allegations, the allegations contained in the Opposition do not cure the defects noted in SCAEF's Motion to Dismiss. Plaintiff still has not alleged that a contract existed as between her and SCAEF, nor is SCAEF named as a Defendant in Count I, which purports to state a claim of breach of contract as against SCA exclusively.[1] SCA is not named as a Defendant in Count V, which purports to state a claim of wrongful termination against SCA exclusively. Accordingly, Plaintiff has not asserted claims of breach of contract or wrongful termination as against SCAEF.

Plaintiff's claims against SCAEF for defamation and intentional interference with contract are similarly lacking. Ms. Rogers' Opposition does not even attempt to challenge the legal arguments set forth in SCAEF's Motion to Dismiss relating to her defamation and intentional interference with contractual relations claims. Specifically, Ms. Rogers' defamation claims are not pled with sufficient particularity to put Defendants on notice of the allegedly defamatory statements. In addition, any alleged negative statements described in Ms. Rogers' Amended Complaint are either not defamatory as a matter of law, not provably false, or are subject to a common interest privilege. With respect to Ms. Rogers' intentional interference

---

[1] Plaintiff's Opposition appears to concede that the claims against SCAEF are purely derivative in nature, and that no direct claims have been asserted against SCAEF.

with contract claim, Plaintiff does not assert that she had any contractual relationship with SCAEF.  While Ms. Rogers claims for the first time in her Opposition that Ms. Metskas was a representative of SCAEF, this assertion does not change the fact that Ms. Rogers' worked for SCA as an at-will employee, nor does it change the fact that any alleged oral promise to employ Ms. Rogers for more than a year would be barred by the District of Columbia's statute of frauds.  Moreover, Ms. Rogers' Opposition does not assert that SCAEF can be found liable for an alleged interference with her employment contract with her current employer, SPI.

Even when the newly asserted claims in Ms. Rogers' Opposition that Ms. Rogers and Ms. Metskas were employed by SCAEF are accepted as true, these assertions do nothing to impose liability upon SCAEF for defamation or intentional interference with contractual relations.   For all of the reasons set forth above as well as in the Motions to Dismiss filed by SCAEF and by all Co-Defendants, all claims against SCAEF should be dismissed, with prejudice.

                                              SECULAR COALITION OF AMERICA
                                              EDUCATION FUND, INC.
                                              By counsel

By:    _____
        Nat P. Calamis, #495680
        Carr Maloney P.C.
        2000 L Street, NW
        Suite 450
        Washington, D.C.  20036
        (202) 310-5500 telephone
        (202) 310-5555 fax
        npc@carrmaloney.com

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true copy of the foregoing *Reply in Support of SCAEF's Motion to Dismiss* was electronically filed and served, on this 29th day of September, 2015 to:

>Steven Gremminger, Esquire
>Steven M. Oster, Esquire
>Gremminger Law Firm
>5335 Wisconsin Avenue, NW, Suite 440
>Washington, D.C. 20015
>*Counsel for Plaintiff*

>Robert W. Johnson II, Esquire
>Johnson, Rogers & Clifton LLP
>401 Ninth St. NW, Suite 640
>Washington, DC 20004
>*Counsel for Plaintiff*

>Leslie Paul Machado, Esquire
>LeClairRyan, a Professional Corporation
>2318 Mill Road, Suite 600
>Alexandria, Virginia 22310
>*Counsel for Roy Speckhardt*

>James S. Aist, Esuqire
>Anderson, Coe & King, LLP
>7 St. Paul Street, Suite 1600
>Baltimore, Maryland 21202

>C. Richard Dawkins
>14 Bradmore Road
>Oxford OX2 6QP UK

*/s/ Nat Calamis*
_____
Nat P. Calamis